[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10455
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00153-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW LEWIS DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 17, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Andrew Lewis Davis appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Davis presents a single issue on this appeal: He argues that the evidence was insufficient to sustain his conviction

because the Government did not show that he was in knowing possession of the guns in question. Therefore, he argues, the court erred in denying his motion for judgment of acquittal.

We consider the sufficiency of the evidence to support a conviction de novo, "view[ing] the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004) (citation omitted). A conviction will not be overturned on the ground of insufficient evidence unless no rational trier of fact could find that the evidence established the defendant's guilt beyond a reasonable doubt. *Id.* (quotation omitted). The jury is free to choose among reasonable constructions of the evidence, and we must accept a jury's inferences and determinations of witness credibility. *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004) (citations omitted); *Wright*, 392 F.3d at 1273.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a felon to possess a firearm that has affected or traveled in interstate commerce. Because the parties stipulated that Davis was a convicted felon and that the three guns in question traveled in interstate commerce, the only factual determination for the jury was whether Davis knowingly possessed one or more of the guns. Possession can be either actual or constructive. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005) (citation omitted).

"'Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises . . . in which the object is concealed.'" *Id.* (*quoting United States v. Leonard*, 138 F.3d 906, 908 (11th Cir. 1998)).

The Government produced evidence showing that Davis was in constructive possession of the guns. Two law enforcement officers, including Davis's probation officer, testified that all three of the guns were found in a bedroom of the trailer that they believed to be Davis's residence. The officers believed the trailer was Davis's residence because Davis had given the trailer's address to the probation office as his residential address and Davis's probation officer had visited Davis at the trailer several times. While the officers were in the trailer, Davis identified the bedroom where the guns were found as the one in which he slept. Officer West testified that Davis told him that the guns were Davis's. And, Andre Sanderson, who was present in the trailer when Davis was arrested, testified that Davis lived in the trailer and owned the guns.

Davis makes several arguments regarding the credibility of the Government's evidence and the existence of evidence to the contrary. But, viewed in the light most favorable to the Government, with all reasonable inferences and credibility choices

made in the Government's favor, the evidence was sufficient to support the jury's conclusion that Davis possessed the guns.

AFFIRMED.